**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**IN RE DELTA AIR LINES FLIGHT 4819
ON FEBRUARY 17, 2025**

**MDL DOCKET NO. ____**

**JOINT MOTION PURSUANT TO 28 U.S.C. § 1407 OF DEFENDANTS DELTA AIR
LINES, INC. AND ENDEAVOR AIR, INC. FOR TRANSFER OF ACTIONS AND FOR
COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Defendants Delta Air Lines, Inc. ("Delta") and Endeavor Air, Inc. ("Endeavor")
(collectively "Defendants") jointly move, pursuant to 28 U.S.C. § 1407, to transfer the cases
identified in the annexed "Schedule A" (the "Pending Actions") to the United States District Court
for the District of Minnesota, St. Paul Division, for coordinated or consolidated pretrial
proceedings of all Pending Actions and potential future actions in that District.

Centralization is appropriate because all Pending Actions arise out of the same accident
involving Delta Flight 4819 at Toronto Pearson International Airport, in Toronto, Ontario, Canada,
on February 17, 2025 (the "Accident"). Upon landing, the aircraft overturned and slid down the
runway. Flight 4819 was operated by Endeavor, a U.S. certificated air carrier and wholly owned
subsidiary of Delta.

Transfer of all actions not currently pending in the District of Minnesota, and consolidation
or coordination of all actions relating to Flight 4819, is also warranted because it would conserve
judicial resources, and promote the efficient, and just resolution of this litigation involving two
defendants and the potential for more than 70 plaintiffs. It would also prevent duplicative discovery
and inconsistent rulings, and would streamline the pretrial process for all Pending Actions and
future related cases.

The U.S. District Court for the District of Minnesota is the appropriate transferee District and is the center of gravity for the litigation related to the Accident, for seven (7) reasons. First, Flight 4819 departed from Minneapolis-Saint Paul International Airport. Second, Flight 4819 was operated by Endeavor, which has its headquarters and maintains its principal place of business in Minneapolis, Minnesota. Third, many, if not most, Flight 4819 passengers and crewmembers reside in Minnesota or nearby states. Fourth, many relevant witnesses, documents, and information are likely to be located in the District of Minnesota because of Endeavor's location. Fifth, the majority of Pending Actions are in the District of Minnesota, and are all assigned to a single judge in that District. Sixth, no other District, including the ones where other actions are pending, the Northern District of Georgia and the Southern District of Texas, have as substantial a relationship to Flight 4819. Seventh, the docket of the District of Minnesota demonstrates that the Pending Actions, and additional lawsuits that may be filed, can be litigated expeditiously and efficiently in the District of Minnesota as compared to the other District Courts.

Accordingly, pursuant to 28 U.S.C. § 1407, Defendants respectfully request that: (a) all actions not already pending in the District of Minnesota should be transferred there; (b) all Pending Actions should be combined for coordinated or consolidated pretrial proceedings in the District of Minnesota; and (c) any subsequently filed actions, wherever filed, should be designated as "tag-along actions," transferred to the District of Minnesota if not already there, and combined for pretrial proceedings with the Pending Actions.

In support of its Motion, Defendants rely on the following facts, as well as the accompanying Memorandum of Law in support of this Motion.

**A.      The Pending Actions, and all potential tag-along actions, arise from a single flight.**

1.      On February 17, 2025, Delta Flight 4819, operated by Endeavor, departed from Minneapolis-Saint Paul International Airport at approximately 11:47 A.M. Central Standard Time.

2.      Flight 4819 was bound for Toronto Pearson International Airport.

3.      Flight 4819 utilized a Bombardier CRJ 900 aircraft, Registration No. N932XJ.

4.      There were 80 occupants; 76 individuals who were traveling as passengers and four (4) Endeavor crew members.

5.      To Defendants' knowledge, 50 passengers reside in the United States and 23 reside in Canada. Defendants are unaware of the residence of three (3) passengers.

6.      All four (4) Endeavor crew members reside in the United States.

7.      Upon landing in Toronto, the Flight 4819 aircraft overturned and came to rest upside-down.

8.      There were no fatalities arising from the Accident, but some of those onboard, including Plaintiffs in the Pending Actions, allege that they sustained bodily and/or emotional injuries as a result of the Accident.

9.      The Transportation Safety Board of Canada is conducting an investigation, which is ongoing, and has approved storage of the wreckage in Ontario, Canada.

**B.      The Pending Actions name the same defendants and are pending in multiple U.S. district courts.**

10.      Thus far, there are 11 actions pending in three (3) U.S. District Courts on behalf of 14 total Plaintiffs.

11.      A list of the Pending Actions is set forth in Schedule A annexed hereto.

12.      The three (3) District Courts are:

a.   The U.S. District Court for the District of Minnesota (St. Paul Division), where Defendants seek to transfer and consolidate all actions, and where nine (9) of the 11 filed actions currently are pending.

b.   The U.S. District Court for the Northern District of Georgia (Atlanta Division), where one (1) of the 11 filed actions currently is pending.

c.   The U.S. District Court for the Southern District of Texas (Houston Division), where one (1) of the 11 filed actions currently is pending.

13.   The nine (9) actions in the U.S. District Court for the District of Minnesota are as follows:

a.   *Hannah Krebs v. Delta Airlines, Inc. and Endeavor Air*, ("*Krebs*"), which was filed on February 21, 2025. The *Krebs* action is on behalf of Hannah Krebs only. The *Krebs* action is against Delta and Endeavor only. The parties are in the process of executing and filing waivers of service. Krebs resides in Minnesota. A copy of the *Krebs* Complaint and docket sheet are attached hereto as Exhibit 1.

b.   *Peter Koukov v. Delta Airlines, Inc. and Endeavor Air*, ("*Koukov*"), which was filed on March 4, 2025. The *Koukov* action is on behalf of Peter Koukov only. The *Koukov* action is against Delta and Endeavor only. The parties are in the process of executing and filing waivers of service. Koukov resides in Colorado. A copy of the *Koukov* Complaint and docket sheet are attached hereto as Exhibit 2.

c.   *Peter Carleton v. Delta Airlines, Inc. and Endeavor Air*, ("*Carleton*"), which was filed on March 6, 2025. The *Carleton* action is on behalf of Peter Carleton only. The *Carleton* action is against Delta and Endeavor only. The parties are in the process of executing and filing waivers of service. Carleton resides in Minnesota.

A copy of the *Carleton* Complaint and docket sheet are attached hereto as Exhibit 3.

d.    *Clayton and Jennifer Bouffard v. Delta Airlines, Inc. and Endeavor Air*, ("*Bouffard*"), which was filed on March 14, 2025. The *Bouffard* action is on behalf of Clayton Bouffard and Jennifer Bouffard. The *Bouffard* action is against Delta and Endeavor only. The parties are in the process of executing and filing waivers of service. The Bouffards are Canadian citizens. A copy of the *Bouffard* Complaint and docket sheet are attached hereto as Exhibit 4.

e.    *Danielle J. Gonzalez v. Delta Airlines, Inc. and Endeavor Air*, ("*Gonzales*"), which was filed on March 14, 2025. The *Gonzalez* action is on behalf of Danielle J. Gonzalez only. The *Gonzalez* action is against Delta and Endeavor only. The parties are in the process of executing and filing waivers of service. Gonzalez is a Canadian citizen. A copy of the *Gonzalez* Complaint and docket sheet are attached hereto as Exhibit 5.

f.    *Olusengun and Helen Omoseni v. Delta Airlines, Inc. and Endeavor Air*, ("*Omoseni*"), which was filed on March 14, 2025. The *Omoseni* action is on behalf of Olusengun Omoseni and Helen Omoseni. The *Omoseni* action is against Delta and Endeavor only. The parties are in the process of executing and filing waivers of service. The Omosenis are Canadian citizens. A copy of the *Omoseni* Complaint and docket sheet are attached hereto as Exhibit 6.

g.    *Jennifer Sinclair and C.S. v. Delta Airlines, Inc. and Endeavor Air*, ("*Sinclair*"), which was filed on March 14, 2025. The *Sinclair* action is on behalf of Jennifer Sinclair individually, and on behalf of C.S., a minor. The *Sinclair* action is against

Delta and Endeavor only. The parties are in the process of executing and filing waivers of service. The Sinclairs are Canadian citizens. A copy of the *Sinclair* Complaint and docket sheet are attached hereto as Exhibit 7.

h.    *Azucena Guerrero Sobreviela v. Delta Airlines, Inc. and Endeavor Air*, ("*Sobreviela*"), which was filed on March 14, 2025. The *Sobreviela* action is on behalf of Azucena Guerrero Sobreviela only. The *Sobreviela* action is against Delta and Endeavor only. The parties are in the process of executing and filing waivers of service. Sobreviela is a Canadian citizen. A copy of the *Sobreviela* Complaint and docket sheet are attached hereto as Exhibit 8.

i.    *Tracey Somers-Berner v. Delta Airlines, Inc. and Endeavor Air*, ("*Somers-Berner*"), which was filed on March 14, 2025. The *Somers-Berner* action is on behalf of Tracey Somers-Berner only. The *Somers-Berner* action is against Delta and Endeavor only. The parties are in the process of executing and filing waivers of service. Somers-Berner is a Canadian citizen. A copy of the *Somers-Berner* Complaint and docket sheet are attached hereto as Exhibit 9.

14.    The one action pending in the U.S. District Court for the Northern District of Georgia is *Marthinus Lourens v. Delta Air Lines, Inc. and Endeavor Air, Inc.* ("*Lourens*"), which was filed on February 20, 2025. The *Lourens* action is on behalf of Martin Lourens only. Lourens resides in Texas. The *Lourens* action is against Delta and Endeavor only. Defendants' responsive pleading is due on May 30, 2025. A copy of the *Lourens* Amended Complaint, original Complaint, and docket sheet are attached hereto as Exhibit 10.

15.    The one action pending in the U.S. District Court for the Southern District of Texas is *Tomas Eugenio Salvador Stamm v. Delta Airlines, Inc. and Endeavor Air*, ("*Stamm*"), which

was filed on March 11, 2025. The *Stamm* action is on behalf of Tomas Eugenio Salvador Stamm only. Stamm resides in Texas. The *Stamm* action is against Delta and Endeavor only. Defendants' responsive pleading is due on June 4, 2025. A copy of the *Stamm* Complaint and docket sheet are attached hereto as Exhibit 11.

**C.    The Pending Actions all allege common factual and legal issues regarding the Accident.**

16.    All Pending Actions make the same allegations.

17.    In fact, the *Krebs*, *Koukov*, and *Carleton* complaints are all identical. *See* Exhibits 1–3.

18.    The *Gonzalez*, *Somers-Berner*, *Sobreviela*, *Bouffard*, *Omoseni*, and *Sinclair* complaints are also identical. *See* Exhibits 4–9.

19.    The only differences between the complaints enumerated in Paragraph 17 and 18 above, apart from the names of the Plaintiffs and their attorneys, are stylistic, and non-substantive.

20.    All 11 Pending Action complaints contain similar allegations as follows:

a.    All Plaintiffs allege that a federal court has jurisdiction pursuant to Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal, May 28, 1999 (the "Montreal Convention"), ICAO Doc. No. 9740 (entered into force November 4, 2003) *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734. *See Krebs*, *Koukov*, *Carleton, Gonzalez*, *Somers-Berner*, *Sobreviela*, *Bouffard*, *Omoseni*, and *Sinclair* complaints (Exhibits 1-9), ¶ 1; *Lourens* complaint (Exhibit 10), ¶ 1; *Stamm* complaint (Exhibit 11), ¶¶ 1–3.

b.    All Plaintiffs allege that they were passengers onboard Flight 4819 and sustained bodily and mental injuries, and economic losses, arising from the Accident. *See Krebs*, *Koukov*, and *Carleton* complaints (Exhibits 1-3), ¶¶ 5, 10; *Gonzalez*,

*Somers-Berner*, *Sobreviela*, *Bouffard*, *Omoseni*, and *Sinclair* complaints (Exhibits 4-9), ¶¶ 6, 11; *Lourens* complaint (Exhibit 10), ¶¶ 7–10, 14; *Stamm* complaint (Exhibit 11), ¶ 10.

c.    All Plaintiffs allege that such injuries and losses resulted when Flight 4819, upon landing, rolled over. *See Krebs*, *Koukov*, and *Carleton* complaints (Exhibits 1-3), ¶¶ 11–15; *Gonzalez*, *Somers-Berner*, *Sobreviela*, *Bouffard*, *Omoseni*, and *Sinclair* complaints (Exhibits 4–9), ¶ 12; *Lourens* complaint (Exhibit 10), ¶¶ 28–29; *Stamm* complaint (Exhibit 11), ¶¶ 16–25.

d.    All Plaintiffs allege that the Accident was Defendants Delta's and Endeavor's fault. *See Krebs*, *Koukov*, and *Carleton* complaints (Exhibits 1–3), ¶¶ 11–14; *Gonzalez*, *Somers-Berner*, *Sobreviela*, *Bouffard*, *Omoseni*, and *Sinclair* complaints (Exhibits 4-9), ¶¶ 12–15; *Lourens* complaint (Exhibit 10), ¶¶ 28–29; *Stamm* complaint (Exhibit 11), ¶¶ 30–32. Defendants deny these allegations.[1]

e.    All Plaintiffs allege that they are entitled to recover from Defendants Delta and Endeavor for physical and mental injuries under Montreal Convention Article 17. *See Krebs*, *Koukov*, and *Carleton* complaints (Exhibits 1-3), ¶¶ 15–20; *Gonzalez*, *Somers-Berner*, *Sobreviela*, *Bouffard*, *Omoseni*, and *Sinclair* complaints (Exhibits 4-9), ¶¶ 16–21; *Lourens* complaint (Exhibit 10), ¶¶ 29–36; *Stamm* complaint (Exhibit 11), ¶¶ 33–37.

f.    Ten (10) Plaintiffs allege that they are entitled to recover from Defendants Delta and Endeavor for damages to cargo (passenger baggage) under the Montreal

---

[1] Defendants therefore reserve the right to assert all substantive and procedural defenses that might apply to any Pending Actions or future actions.

Convention Article 18. *See Krebs*, *Koukov*, and *Carleton* complaints (Exhibits 1-3), ¶¶ 21–26; *Gonzalez*, *Somers-Berner*, *Sobreviela*, *Bouffard*, *Omoseni*, and *Sinclair* complaints (Exhibits 4-9), ¶¶ 22–27; *Stamm* complaint (Exhibit 11), ¶ 32.

 g. Ten (10) Plaintiffs allege that they are entitled to recover from Defendants Delta and Endeavor for alleged gross negligence. *See Krebs*, *Koukov*, and *Carleton* complaints (Exhibits 1-3), ¶¶ 27–30; *Gonzalez*, *Somers-Berner*, *Sobreviela*, *Bouffard*, *Omoseni*, and *Sinclair* complaints (Exhibits 4-9), ¶¶ 28–30.

 h. All Plaintiffs claim that their damages were caused solely by Defendants Delta and Endeavor. *See Krebs*, *Koukov*, and *Carleton* complaints (Exhibits 1–3), ¶¶ 20, 26; *Gonzalez*, *Somers-Berner*, *Sobreviela*, *Bouffard*, *Omoseni*, and *Sinclair* complaints (Exhibits 4–9), ¶¶ 21, 27; *Lourens* complaint (Exhibit 10), ¶¶ 37–39; *Stamm* complaint (Exhibit 11), ¶¶ 38–42.

 i. Ten (10) complaints allege that Plaintiffs are entitled to punitive damages. *See* Exhibits 1–9, 11, at Prayers for Relief.

21. Defendants anticipate that other Flight 4819 passengers will commence actions in a U.S. district court.

22. Defendants anticipate that such additional actions will be based on the same or substantially similar facts and legal theories that the 11 Pending Actions are based on, and which are described above.

**D. Transfer to, and consolidation in, the District of Minnesota is appropriate because the District of Minnesota has the most connections to the Accident.**

23. As set forth above, Endeavor operated Flight 4819. Endeavor's headquarters, witnesses, documents, and information are all located in Minnesota.

24. The Flight 4819 Captain and First Officer reside in Minnesota.

25.     Of the 11 Pending Actions, nine (9) are in Minnesota.

26.     Defendants are unaware of any significant connection between the Accident and the Northern District of Georgia apart from the fact that Delta—which did not operate Flight 4819 or employ any crew members—is headquartered there.

27.     Defendants are unaware of any activities relating to the Accident that took place in the Southern District of Texas.

28.     Of the remaining passengers who have not filed actions, upon information and belief, the majority (36) reside in Minnesota, (14) reside in Canada, and (12) reside in other U.S. states (Wisconsin three (3), Ohio one (1), Michigan one (1), Tennessee one (1), Florida one (1), Idaho one (1), Arizona one (1), and three (3) unknown).

29.     Minnesota is closer to Wisconsin, Ohio, and Michigan than both Georgia and Texas. Consolidation in Minnesota would therefore reduce travel time for almost all Plaintiffs and potential Plaintiffs.

30.     Accordingly, the most convenient location in the United States for all of the current and anticipated parties to the Flight 4819 litigation is the District of Minnesota.

**E.     The docket conditions in the District of Minnesota indicate that all Flight 4819 cases can be expeditiously litigated there.**

31.     The Panel's *MDL Statistics Report - Distribution of Pending MDL Dockets by District* (as of May 1, 2025) reports that in the District of Minnesota, there are seven (7) pending MDLs comprising 8,591 total cases. *See* Exhibit 12. But 8,292 of those cases are in a single MDL, *In re Bair Huggar Forced Air Warning Devices Products Liability Litigation*, MDL No. 2666. *See id.* That case comprises approximately 96.5% of the District of Minnesota's MDL docket, leaving only 299 total other MDL cases.

32.    Moreover, the nine (9) Pending Actions filed in the District of Minnesota have been assigned to Judge Jerry W. Blackwell, who sits in the St. Paul Division. The St. Paul Division has only 177 of the pending MDL cases, comprising approximately only two percent (2%) of the District of Minnesota's total. The remaining 8,414 MDL cases within the District of Minnesota are pending in the Minneapolis Division. *See id.* This Panel previously has assigned Judge Blackwell an MDL case. *See id.*

33.    In contrast, there are four (4) pending MDLs in the Northern District of Georgia, comprising 3,310 cases. *See id.* All such MDLs are in the Atlanta Division of the Northern District of Georgia, where one Flight 4819 case, *Lourens*, was filed. *See id; see also* Exhibit 10. And, as set forth above, apart from Delta's headquarters, there are no connections between the Accident and Atlanta.

34.    There are no MDLs pending in the Southern District of Texas. There are also no connections between the Accident and that District.

35.    The total cases pending in each District also demonstrate that the District of Minnesota is the most appropriate forum for consolidated pretrial proceedings.

36.    According to the Federal Judicial Caseload Statistics, in the prior 12 months ending December 31, 2024 (which represents the most recent statistics), there were 5,408 cases filed in the District of Minnesota, as compared to 7,642 in the Northern District of Georgia and 14,835 in the Southern District of Texas. *See* Exhibits 13, 14, and 15, respectively.

37.    Similarly, while there currently are 10,837 pending cases in the District of Minnesota, 8,292 or approximately 76% of those appear to be in *In re Bair Huggar Forced Air Warning Devices Products Liability Litigation*, the MDL mentioned above that was initially filed

on August 21, 2015 and is still pending. That leaves 2,545 other cases pending in the District of Minnesota.

38.    In contrast, the Northern District of Georgia has 5,742 pending cases and the Southern District of Texas has 15,088 pending cases.

39.    The weighted filings per judgeship for the same period is 638 for the District of Minnesota, as compared to 646 for the Northern District of Georgia. While the difference is not by itself significant, the District of Minnesota's number would presumably be reduced if *In re Bair Huggar Forced Air Warning Devices Products Liability Litigation* was not weighted as 8,292 cases.

40.    The weighted filings per judgeship for the Southern District of Texas is 601, which is comparable to the District of Minnesota, but that District has no connection to the Accident apart from the residence of the Plaintiff who filed there.

41.    Finally, based on the pending MDL litigations, it is clear that the District of Minnesota has the requisite experience and expertise to handle a complex, multidistrict litigation of this size and with the expected number of cases.

WHEREFORE, Defendants Delta and Endeavor, respectfully request that the Judicial Panel for Multidistrict Litigation combine the Pending Actions listed in the attached Schedule A in the U.S. District Court for the District of Minnesota, St. Paul Division for coordinated or consolidated pretrial proceedings, and order any subsequently filed case arising from Flight 4819 be transferred to that District, and consolidated with the Pending Actions for pretrial proceedings.

Dated:  May 22, 2025

**Hinshaw & Culbertson LLP**

_____

Michael G. McQuillen, Esq.
151 N. Franklin Street
25th Floor
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
mmcquillen@hinshawlaw.com

*Attorney for Defendants Delta Air Lines, Inc. and Endeavor Air, Inc.*