# EXHIBIT 10

**Complaint and Docket Sheet in *Marthinus Lourens v. Delta
Air Lines, Inc. and Endeavor Air, Inc.*
(USDC ND of GA 1:25-cv-00905)**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**MARTHINUS LOURENS,**

      **Plaintiff,**

      -against-

**DELTA AIR LINES, INC.,**
**and ENDEAVOR AIR, INC.**

      **Defendants.**

**Civil Action No. 1:25-cv-00905-TRJ**

**FIRST AMENDED COMPLAINT**

**&**

**JURY TRIAL DEMAND**

---

## FIRST AMENDED COMPLAINT

Comes now Plaintiff MARTHINUS LOURENS, by and through his undersigned attorneys, complaining against Defendants DELTA AIR LINES, INC., and ENDEAVOR AIR, INC. and alleges the following:

## PARTIES, JURISDICTION, AND VENUE

1.    The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter known as "the Montreal Convention").

2.     The Court has In Personam Jurisdiction over the defendants as they are both registered to do business in Georgia and thereby consented to the jurisdiction of this Court.  The Court also has personal jurisdiction over defendants as they are both "at home" in the Northern District of Georgia.

3.     Venue is appropriate in this Court pursuant to the Montreal Convention and because both Defendants' registered agents are in the Northern District of Georgia.

4.     Defendant DELTA AIR LINES, INC., ("DELTA") is a foreign for-profit corporation incorporated under the laws of the State of Delaware with its principal place of business located at 1030 Delta Boulevard, Atlanta, Georgia 30354. Defendant DELTA can be served by way of its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

5.     Defendant ENDEAVOR AIR, INC., ("ENDEAVOR") is a regional airline incorporated under the laws of Georgia with its principal place of business located at the Minneapolis–Saint Paul International Airport in Minneapolis, Minnesota. It is a wholly owned subsidiary of Delta Air Lines, and staffs, operates, and maintains aircraft used on Delta Connection flights that are scheduled, marketed, and sold by Delta Air Lines.  Defendant ENDEAVOR can be served by way of its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092

6.   Plaintiff MARTHINUS LOURENS is a United States citizen and a resident of the State of Texas.

## **FACTUAL ALLEGATIONS**

7.   This action arises out of a February 17, 2025, flight on ENDEAVOR's aircraft between Minneapolis-St. Paul International Airport, airport ICAO identifier KMSP, and Toronto Pearson International Airport, Ontario, Cananda, airport ICAO identifier CYYZ.

8.   A DELTA Connection Bombardier CL-600-2D24 Regional Jet CRJ-900LR, flight EDV4819 operated by DELTA's wholly owned subsidiary, ENDEAVOR, was destroyed following a landing accident on runway 23 at Toronto Pearson International Airport (YYZ/CYYZ), Toronto, Ontario.

9.   Plaintiff, Mr. Lourens, was a properly ticketed, fare-paying passenger, and properly documented international travel.

10.   Mr. Lourens was injured during the crash landing and the emergency evacuation of the aircraft.

11.   Several videos captured the accident sequence. On touchdown, the right-hand main gear appears to have collapsed, causing a fire and the right wing to contact the ground. The wing dragged along the runway surface for about 3 seconds before the aircraft flipped to an inverted position. Post-crash, the fire continued until it was (mostly) contained by airport emergency services.

12.     Photos from the scene show that the right wing separated from the aircraft which then came to rest inverted. The main gear and tail control surfaces were damaged and separated as well. The left wing and nose gear remained attached to the airframe.

13.     Mr. Lourens suffered significant injuries to his head, neck, back, knees and face as a result of the plane crash.  During the crash sequence, Mr. Lourens was belted in his seat, which prevented him from sustaining life-threatening injuries.  As the plane rolled upside down, Mr. Lourens was drenched with jet fuel.

14.     Experiencing the crash and being suspended upside down by his seatbelt while drenched with jet fuel, in a burning plane, caused Mr. Lourens to suffer severe emotional distress and mental anguish.

15.     Mr. Lourens suffered additional physical injuries when he released his seatbelt and fell to the ceiling of the upside-down aircraft.

## FIRST CAUSE OF ACTION
## MONTREAL CONVENTION
## NEGLIGENCE

16.     Defendants DELTA and ENDEAVOR are both commercial airlines, and thus common carriers engaged in the business of transporting passengers for hire by air.

17.     On February 17, 2025, Defendant DELTA operated and controlled a certain jet aircraft designated as Delta flight 4819 from Minneapolis-St. Paul

(KMSP) to Toronto Pearson International Airport, Ontario, Cananda CYYZ, which Mr. Lourens was ticketed to travel. DELTA issued the ticket for travel to Mr. Lourens on Flight 4819.

18.    Mr. Lourens was a revenue paying passenger lawfully aboard as Delta flight 4819 from Minneapolis-St. Paul (KMSP) to Toronto Pearson International Airport, Ontario, Cananda CYYZ

19.    On February 17, 2025, on the subject flight, Defendants employed a flight crew responsible for the safe and secure operation of the flight as well as the safety of passengers, and efficient boarding and disembarking of the aircraft.

20.    On February 17, 2025, said flight 4819 was conducted on an aircraft owned, leased, operated or otherwise controlled by Defendants DELTA and ENDEAVOR and staffed by their agents, servants, employees and/or contractors.

21.    Defendants DELTA and ENDEAVOR, their agents, servants, employees and/or  contractors were responsible for the training, management, supervision, maintenance, and/or control of its flight crew aboard DELTA Flight 4819, including, but not limited to, the crew's adherence to standard safety policies and protocol while boarding, flying and disembarking the aircraft under both normal and emergency conditions.

22.    As a common carrier of passengers for hire, the defendants DELTA and ENDEAVOR have a duty to provide a safe flight and means of ingress and egress for

their passengers to and from their aircraft.

23.    On February 17, 2025, after landing, DELTA Flight 4819 crashed and inverted 180 degrees with a fire and skidded down the runway after a wing broke off.

24.    Mr. Lourens was violently tossed about and ended up upside down hanging from his seatbelt inside a burning plane with aviation fuel leaking onto him.

25.    At the aforementioned time and place, defendants' crew directed all passengers, and Mr. Lourens in particular, out of the aircraft via emergency exits.

26.    During the aforesaid crash and emergency evacuation, Plaintiff Mr. Lourens was seriously and permanently injured.

27.    Upon information and belief, Defendants, their employees, agents, servants and/or contractors were aware that said passengers were injured, had fuel leaking on them and were evacuating the passenger cabin under emergency conditions and offered inadequate assistance and instructions or directions.

28.    As alleged above, DELTA and ENDEAVOR breached their duty of care to Mr. Lourens as a passenger onboard Flight 4819 by their failure to reasonably operate, maintain, manage, control, equip, handle, and/or pilot the aircraft and/or adequately and appropriately train the pilots and crew to operate a passenger aircraft, to industry standards. Defendants' breaches of duty were the direct and proximate cause of Mr. Lourens' physical and mental injuries.

29.    The crash, emergency evacuation, and Mr. Lourens' resulting injuries

were caused by Defendants and pursuant to Article 17 of the Montreal Convention, in that the Mr. Lourens' injuries were caused by an unexpected or unusual event or occurrence external to Mr. Lourens, and not by the Mr. Lourens' internal reaction to the normal operation of the aircraft.

30.     As a result of said accident, Mr. Lourens suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

31.     As a result of said accident, Mr. Lourens was forced to incur medical expenses and he shall continue to incur medical expenses in the future.

32.     As a result of said accident, Mr. Lourens was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

33.     As a result of the foregoing, Defendants are liable to pay full, fair and reasonable damages to Mr. Lourens pursuant to the Montreal Convention and applicable law.

34.     Defendant DELTA cannot meet its burden of proving that its negligence did not cause or contribute to the accident and the resulting injuries to Mr. Lourens.

35.     Defendant DELTA cannot meet its burden of proving that the injuries suffered by Mr. Lourens were caused solely by the acts of third parties.

36.     Pursuant to the Montreal Convention governing international air travel and pleaded in the alternative and without prejudice to anything set forth herein to the contrary, DELTA is responsible for the actions of its agents, ground handlers and

other contractors, and thus the actions of said third parties are not a defense to the liability of DELTA.

37.     Defendant ENDEAVOR cannot meet its burden of proving that its negligence did not cause or contribute to the accident and the resulting injuries to Mr. Lourens.

38.     Defendant ENDEAVOR cannot meet its burden of proving that the injuries suffered by Mr. Lourens were caused solely by the acts of third parties.

39.     Pursuant to the Montreal Convention governing international air travel and pleaded in the alternative and without prejudice to anything set forth herein to the contrary, ENDEAVOR is responsible for the actions of its agents, ground handlers and other contractors, and thus the actions of said third parties are not a defense to the liability of ENDEAVOR.

## SECOND CAUSE OF ACTION
## MONTREAL CONVENTION
## STRICT LIABILITY

40.     Mr. Lourens incorporates and re-alleges each of the paragraphs set forth above as though fully set forth herein.

41.     At all relevant times, Defendants were common carriers engaged in the business of providing air transporting fare-paying passengers on international flights.

42.     Under Articles 17 and 21(a) of the Montreal Convention, Defendants are strictly liable to Mr. Lourens for provable damages of up to 151,880 SDRs (which

equates to approximately U.S. Dollar $201,896).

43.    In addition, under Article 21(2) of the Montreal Convention, due to the negligence, carelessness, gross negligence, and/or recklessness hereinabove set forth and the injuries and damages attendant thereto Mr. Lourens seeks damages in excess of 151,880 SDRs, according to proof at the time of trial, as hereinabove alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Lourens respectfully prays that the Court award damages on all counts against Defendant as set forth above, interest as allowed by law, fees and expenses as allowed by law, and any other relief to do justice.

## JURY DEMAND

Mr. Lourens demands a jury for all claims stated.

Dated: February 21, 2025.

/s/
Russell T. Abney (Ga. Bar No. 000875)
Mikal Watts (*pro hac vice pending*)
Watts Law Firm LLP
811 Barton Springs Road, 725
Austin, TX 78704
(512)479-0500
russ@wattsllp.com
mikal@wattsllp.com

Andres C. Pereira
(*pro hac vice pending*)
Mark Pierce

*(pro hac vice pending)*
David Bizar
*(pro hac vice pending)*
DJC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800
apereira@teamjustice.com

James Michael Shaw
*(pro hac vice pending)*
Carabin Shaw
875 E Ashby Pl #110
San Antonio, Texas 78212
512-832-1101
jshaw@carabinshaw.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**MARTHINUS LOURENS,**

   **Plaintiff,**

  -against-

**DELTA AIR LINES, INC.,**
**and ENDEAVOR AIR, INC.**

   **Defendants.**

**Civil Action No.: _____**

**COMPLAINT &**

**JURY TRIAL DEMAND**

---

## COMPLAINT

Comes now Plaintiff MARTHINUS LOURENS, by and through his undersigned attorneys, complaining against Defendants DELTA AIR LINES, INC., and ENDEAVOR AIR, INC. and alleges the following:

## PARTIES, JURISDICTION, AND VENUE

1. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter known as "the Montreal Convention").

2. The Court has In Personam Jurisdiction over the defendants as they are

both registered to do business in Georgia and thereby consented to the jurisdiction of this Court. The Court also has personal jurisdiction over defendants as they are both "at home" in the Northern District of Georgia.

3.    Venue is appropriate in this Court pursuant to the Montreal Convention and because both Defendants' registered agents are in the Northern District of Georgia.

4.    Defendant DELTA AIR LINES, INC., ("DELTA") is a foreign for-profit corporation incorporated under the laws of the State of Delaware with its principal place of business located at 1030 Delta Boulevard, Atlanta, Georgia 30354. Defendant DELTA can be served by way of its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

5.    Defendant ENDEAVOR AIR, INC., ("ENDEAVOR") is a regional airline incorporated under the laws of Georgia with its principal place of business located at the Minneapolis–Saint Paul International Airport in Minneapolis, Minnesota. It is a wholly owned subsidiary of Delta Air Lines, and staffs, operates, and maintains aircraft used on Delta Connection flights that are scheduled, marketed, and sold by Delta Air Lines. Defendant ENDEAVOR can be served by way of its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092

6.    Plaintiff MARTHINUS LOURENS is a United States citizen and a

resident of the State of Texas.

## FACTUAL ALLEGATIONS

7.      This action arises out of a February 17, 2025, flight on ENDEAVOR's aircraft between Minneapolis-St. Paul International Airport, airport ICAO identifier KMSP, and Toronto Pearson International Airport, Ontario, Cananda, airport ICAO identifier CYYZ.

8.      A DELTA Connection Bombardier CL-600-2D24 Regional Jet CRJ-900LR, flight EDV4819 operated by DELTA's wholly owned subsidiary, ENDEAVOR, was destroyed following a landing accident on runway 23 at Toronto Pearson International Airport (YYZ/CYYZ), Toronto, Ontario.

9.      Plaintiff, Mr. Lourens, was a properly ticketed, fare-paying passenger, and properly documented international travel.

10.     Mr. Lourens was injured during the crash landing and the emergency evacuation of the aircraft.

11.     Several videos captured the accident sequence. On touchdown, the right-hand main gear appears to have collapsed, causing a fire and the right wing to contact the ground. The wing dragged along the runway surface for about 3 seconds before the aircraft flipped to an inverted position. Post-crash, the fire continued until it was (mostly) contained by airport emergency services.

12.     Photos from the scene show that the right wing separated from the

aircraft which then came to rest inverted. The main gear and tail control surfaces were damaged and separated as well. The left wing and nose gear remained attached to the airframe.

13.     Mr. Lourens suffered significant injuries to his head, neck, back, knees and face as a result of the plane crash.  During the crash sequence, Mr. Laurens was belted in his seat, which prevented him from sustaining life-threatening injuries.  As the plane rolled upside down, Mr. Laurens was drenched with jet fuel.

14.     Experiencing the crash and being suspended upside down by his seatbelt while drenched with jet fuel, in a burning plane, caused Mr. Laurens to suffer severe emotional distress and mental anguish.

15.     Mr. Laurens suffered additional physical injuries when he released his seatbelt and fell to the ceiling of the upside-down aircraft.

## FIRST CAUSE OF ACTION
## MONTREAL CONVENTION
## NEGLIGENCE

16.     Defendants DELTA and ENDEAVOR are both commercial airlines, and thus common carriers engaged in the business of transporting passengers for hire by air.

17.     On February 17, 2025, Defendant DELTA operated and controlled a certain jet aircraft designated as Delta flight 4819 from Minneapolis-St. Paul (KMSP) to Toronto Pearson International Airport, Ontario, Cananda CYYZ, which

4

Mr. Lourens was ticketed to travel. DELTA issued the ticket for travel to Mr. Lourens on Flight 4819.

18.     Mr. Lourens was a revenue paying passenger lawfully aboard as Delta flight 4819 from Minneapolis-St. Paul (KMSP) to Toronto Pearson International Airport, Ontario, Cananda CYYZ

19.     On February 17, 2025, on the subject flight, Defendants employed a flight crew responsible for the safe and secure operation of the flight as well as the safety of passengers, and efficient boarding and disembarking of the aircraft.

20.     On February 17, 2025, said flight 4819 was conducted on an aircraft owned, leased, operated or otherwise controlled by Defendants DELTA and ENDEAVOR and staffed by their agents, servants, employees and/or contractors.

21.     Defendants DELTA and ENDEAVOR, their agents, servants, employees and/or  contractors were responsible for the training, management, supervision, maintenance, and/or control of its flight crew aboard DELTA Flight 4819, including, but not limited to, the crew's adherence to standard safety policies and protocol while boarding, flying and disembarking the aircraft under both normal and emergency conditions.

22.     As a common carrier of passengers for hire, the defendants DELTA and ENDEAVOR have a duty to provide a safe flight and means of ingress and egress for their passengers to and from their aircraft.

23.     On February 17, 2025, after landing, DELTA Flight 4819 crashed and inverted 180 degrees with a fire and skidded down the runway after a wing broke off.

24.     Mr. Lourens was violently tossed about and ended up upside down hanging from his seatbelt inside a burning plane with aviation fuel leaking onto him.

25.     At the aforementioned time and place, defendants' crew directed all passengers, and Mr. Lourens in particular, out of the aircraft via emergency exits.

26.     During the aforesaid crash and emergency evacuation, Plaintiff Mr. Lourens was seriously and permanently injured.

27.     Upon information and belief, Defendants, their employees, agents, servants and/or contractors were aware that said passengers were injured, had fuel leaking on them and were evacuating the passenger cabin under emergency conditions and offered inadequate assistance and instructions or directions.

28.     As alleged above, DELTA and ENDEAVOR breached their duty of care to Mr. Lourens as a passenger onboard Flight 4819 by their failure to reasonably operate, maintain, manage, control, equip, handle, and/or pilot the aircraft and/or adequately and appropriately train the pilots and crew to operate a passenger aircraft, to industry standards. Defendants' breaches of duty were the direct and proximate cause of Mr. Lourens' physical and mental injuries.

29.     The crash, emergency evacuation, and Mr. Lourens' resulting injuries were caused by Defendants and pursuant to Article 17 of the Montreal Convention,

in that the Mr. Lourens' injuries were caused by an unexpected or unusual event or occurrence external to Mr. Lourens, and not by the Mr. Lourens' internal reaction to the normal operation of the aircraft.

30.     As a result of said accident, Mr. Lourens suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

31.     As a result of said accident, Mr. Lourens was forced to incur medical expenses and he shall continue to incur medical expenses in the future.

32.     As a result of said accident, Mr. Lourens was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

33.     As a result of the foregoing, Defendants are liable to pay full, fair and reasonable damages to Mr. Lourens pursuant to the Montreal Convention and applicable law.

34.     Defendant DELTA cannot meet its burden of proving that its negligence did not cause or contribute to the accident and the resulting injuries to Mr. Lourens.

35.     Defendant DELTA cannot meet its burden of proving that the injuries suffered by Mr. Lourens were caused solely by the acts of third parties.

36.     Pursuant to the Montreal Convention governing international air travel and pleaded in the alternative and without prejudice to anything set forth herein to the contrary, DELTA is responsible for the actions of its agents, ground handlers and other contractors, and thus the actions of said third parties are not a defense to the

liability of DELTA.

37.     Defendant ENDEAVOR cannot meet its burden of proving that its negligence did not cause or contribute to the accident and the resulting injuries to Mr. Lourens.

38.     Defendant ENDEAVOR cannot meet its burden of proving that the injuries suffered by Mr. Lourens were caused solely by the acts of third parties.

39.     Pursuant to the Montreal Convention governing international air travel and pleaded in the alternative and without prejudice to anything set forth herein to the contrary, ENDEAVOR is responsible for the actions of its agents, ground handlers and other contractors, and thus the actions of said third parties are not a defense to the liability of ENDEAVOR.

## SECOND CAUSE OF ACTION
## MONTREAL CONVENTION
## STRICT LIABILITY

40.     Mr. Lourens incorporates and re-alleges each of the paragraphs set forth above as though fully set forth herein.

41.     At all relevant times, Defendants were common carriers engaged in the business of providing air transporting fare-paying passengers on international flights.

42.     Under Articles 17 and 21(a) of the Montreal Convention, Defendants are strictly liable to Mr. Lourens for provable damages of up to 151,880 SDRs (which equates to approximately U.S. Dollar $201,896).

43.     In addition, under Article 21(2) of the Montreal Convention, due to the negligence, carelessness, gross negligence, and/or recklessness hereinabove set forth and the injuries and damages attendant thereto Mr. Lourens seeks damages in excess of 151,880 SDRs, according to proof at the time of trial, as hereinabove alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Lourens respectfully prays that the Court award damages on all counts against Defendant as set forth above, interest as allowed by law, fees and expenses as allowed by law, and any other relief to do justice.

## **JURY DEMAND**

Mr. Lourens demands a jury for all claims stated.

Dated: February 20, 2025.

　　　　　　　　　　　　　　*/s Russell T. Abney*
　　　　　　　　　　　　　　Russell T. Abney (Ga. Bar No. 000875)
　　　　　　　　　　　　　　Mikal Watts (*pro hac vice pending*)
　　　　　　　　　　　　　　Watts Law Firm LLP
　　　　　　　　　　　　　　811 Barton Springs Road, 725
　　　　　　　　　　　　　　Austin, TX 78704
　　　　　　　　　　　　　　(512)479-0500
　　　　　　　　　　　　　　russ@wattsllp.com
　　　　　　　　　　　　　　mikal@wattsllp.com

　　　　　　　　　　　　　　Andres C. Pereira
　　　　　　　　　　　　　　(*pro hac vice pending*)
　　　　　　　　　　　　　　Mark Pierce
　　　　　　　　　　　　　　(*pro hac vice pending*)
　　　　　　　　　　　　　　David Bizar

*(pro hac vice pending)*
DJC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800
apereira@teamjustice.com

4months,TRJLC1

# U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:25-cv-00905-TRJ

Lourens v. Delta Air Lines, Inc. et al
Assigned to: Judge Tiffany R Johnson
Cause: 28:1331 Fed. Question: Airline Crash

Date Filed: 02/20/2025
Jury Demand: Plaintiff
Nature of Suit: 310 Airplane
Jurisdiction: Federal Question

**Plaintiff**

**Marthinus Lourens**

represented by **Andres C. Pereira**
DJC Law, PLLC
1012 West Anderson Lane
Austin, TX 78757
512-220-1800
Email: pereira713@gmail.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Bizar**
DJC Law, PLLC
1012 West Anderson Lane
Austin, TX 78757
512-220-1800
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark David Pierce**
DJC Law, PLLC
TX
1012 West Anderson Lane
Austin, TX 78757
512-220-1800
Fax: 512-220-1801
Email: mark@teamjustice.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mikal C. Watts**
Watts Law Firm LLP
811 Barton Springs Rd.
#725
Austin, TX 78704
210-527-0500

Fax: 210-527-0501
Email: mcwatts@wattslawfirm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Russell Todd Abney**
Watts Law Firm LLP
Mass Torts
610 River Valley Rd. NW
Atlanta, GA 30328
512-477-4749
Fax: 512-479-0502
Email: russ@wattsllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Delta Air Lines, Inc.**

**Defendant**

**Endeavor Air, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/31/2025 | 18 | WAIVER OF SERVICE Returned Executed by Marthinus Lourens. Endeavor Air, Inc. waiver mailed on 3/31/2025, answer due 5/30/2025. (Pereira, Andres) (Entered: 03/31/2025) |
| 03/31/2025 | 17 | WAIVER OF SERVICE Returned Executed by Marthinus Lourens. Delta Air Lines, Inc. waiver mailed on 3/31/2025, answer due 5/30/2025. (Pereira, Andres) (Entered: 03/31/2025) |
| 03/17/2025 | | Clerk's Notation re 15 Certificate of Interested Persons/Corporate Disclosure Statement reviewed and approved by TRJ. (bmr) (Entered: 03/17/2025) |
| 03/05/2025 | | ORDER by docket entry only granting 16 Application for Admission Pro Hac Vicefor Mikal Watts. Approved by Judge Tiffany R Johnson on 3/5/2025. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(bmr) (Entered: 03/05/2025) |
| 03/04/2025 | | Clerk's Certificate of Mailing re Approval of Application for Admission Pro Hac Vice for Andres Pereira, Mark Pierce, David Bizar. (bmr) (Entered: 03/04/2025) |
| 03/04/2025 | | APPROVAL by Clerks Office re: 16 APPLICATION for Admission of Mikal C. Watts Pro Hac Vice (Application fee $ 100, receipt number AGANDC-14113486). Attorney Mikal C. Watts added appearing on behalf of Marthinus Lourens. E-filing access may be requested after an order granting the application is entered. (mh) (Entered: 03/04/2025) |
| 03/04/2025 | | ORDER by docket entry only granting 12 , 13 , 14 Application for Admission Pro Hac Vice for Andres Pereira, David Bizar, and Mark Pierce. Approved by Judge Tiffany R Johnson on 3/4/25. If the applicant does not have CM/ECF access in the Northern District |

| | | |
|---|---|---|
| | | of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(bmr) (Entered: 03/04/2025) |
| 03/03/2025 | 16 | APPLICATION for Admission of Mikal C. Watts Pro Hac Vice (Application fee $ 100, receipt number AGANDC-14113486). with Brief In Support by Marthinus Lourens. (Abney, Russell) Documents for this entry are not available for viewing outside the courthouse. (Entered: 03/03/2025) |
| 03/03/2025 | | APPROVAL by Clerks Office re: 14 APPLICATION for Admission of Mark David Pierce Pro Hac Vice (Application fee $ 100, receipt number AGANDC-14107220). Attorney Mark David Pierce added appearing on behalf of Marthinus Lourens. E-filing access may be requested after an order granting the application is entered. (mh) (Entered: 03/03/2025) |
| 03/03/2025 | | APPROVAL by Clerks Office re: 13 APPLICATION for Admission of David Bizar Pro Hac Vice (Application fee $ 100, receipt number AGANDC-14107198). Attorney David Bizar added appearing on behalf of Marthinus Lourens. E-filing access may be requested after an order granting the application is entered. (mh) (Entered: 03/03/2025) |
| 02/28/2025 | 15 | First Certificate of Interested Persons by Marthinus Lourens. (Abney, Russell) (Entered: 02/28/2025) |
| 02/28/2025 | 14 | APPLICATION for Admission of Mark David Pierce Pro Hac Vice (Application fee $ 100, receipt number AGANDC-14107220). with Brief In Support by Marthinus Lourens. (Abney, Russell) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/28/2025) |
| 02/28/2025 | 13 | APPLICATION for Admission of David Bizar Pro Hac Vice (Application fee $ 100, receipt number AGANDC-14107198). with Brief In Support by Marthinus Lourens. (Abney, Russell) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/28/2025) |
| 02/27/2025 | | APPROVAL by Clerks Office re: 12 APPLICATION for Admission of Andres Pereira Pro Hac Vice. (Application fee $ 100, receipt number AGANDC-14092841). Attorney Andres C. Pereira added appearing on behalf of Marthinus Lourens. E-filing access may be requested after an order granting the application is entered. (jas) (Entered: 02/27/2025) |
| 02/26/2025 | 12 | APPLICATION for Admission of Andres Pereira Pro Hac Vice. with Brief In Support by Marthinus Lourens. (Abney, Russell) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/26/2025) |
| 02/25/2025 | | RETURN of 11 APPLICATION for Admission of Andres Pereira Pro Hac Vice (Application fee $ 100, receipt number AGANDC-14092841) to attorney for correction. Reason for return: Local counsel's firm address on application does not match address on file with the court. These addresses must match. Please update firm address in PACER to the Atlanta office location and then resubmit application once address has been updated. (mh) (Entered: 02/25/2025) |
| 02/24/2025 | 11 | APPLICATION for Admission of Andres Pereira Pro Hac Vice (Application fee $ 100, receipt number AGANDC-14092841). with Brief In Support by Marthinus Lourens. (Abney, Russell) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/24/2025) |
| 02/21/2025 | 10 | Letter from Clerk re: LR 83.1 Pro Hac Vice requirements sent to David Bizar. Clerk to follow-up by 3/3/2025. (jas) (Entered: 02/21/2025) |
| 02/21/2025 | 9 | Letter from Clerk re: LR 83.1 Pro Hac Vice requirements sent to Mark Pierce. Clerk to follow-up by 3/3/2025. (jas) (Entered: 02/21/2025) |

| 02/21/2025 | 8 | Letter from Clerk re: LR 83.1 Pro Hac Vice requirements sent to Andres C. Pereira. Clerk to follow-up by 3/3/2025. (jas) (Entered: 02/21/2025) |
|---|---|---|
| 02/21/2025 | 7 | Letter from Clerk re: LR 83.1 Pro Hac Vice requirements sent to Mikal C. Watts. Clerk to follow-up by 3/3/2025. (jas) (Entered: 02/21/2025) |
| 02/21/2025 | 6 | First AMENDED COMPLAINT against All Defendants with Jury Demand filed by Marthinus Lourens.(Abney, Russell) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 02/21/2025) |
| 02/21/2025 | 5 | DOCUMENT FILED IN ERROR First AMENDED COMPLAINT against All Defendants with Jury Demand filed by Marthinus Lourens.(Abney, Russell) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. Modified on 2/21/2025 (djs). (Entered: 02/21/2025) |
| 02/20/2025 | 4 | ORDER DECLINING CASE. Case reassigned to Judge Tiffany R Johnson for all further proceedings. Judge Steve C. Jones no longer assigned to case. NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 1:25-cv-00905-TRJ. Please make note of this change in order to facilitate the docketing of pleadings in this case. Signed by Judge Steve C. Jones on 2/20/2025. (bgt) (Entered: 02/20/2025) |
| 02/20/2025 | 3 | REQUEST FOR WAIVER of Service mailed to Delta Air Lines, Inc. on 2/21/2025. (bgt) (Entered: 02/20/2025) |
| 02/20/2025 | 2 | REQUEST FOR WAIVER of Service mailed to Endeavor Air, Inc. on 2/21/2025. (bgt) (Entered: 02/20/2025) |
| 02/20/2025 | 1 | COMPLAINT with Jury Demand filed by Marthinus Lourens. (Filing fee $405, receipt number AGANDC-14080811) (Attachments: # 1 Civil Cover Sheet)(bgt) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 02/20/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/09/2025 15:52:34 | | |
| **PACER Login:** | hinshaw0185 | **Client Code:** | 1083665 |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-00905-TRJ |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |