# EXHIBIT 11

**Complaint and Docket Sheet in** *Tomas Eugenio Salvador Stamm v. Delta Airlines, Inc., and Endeavor Air, Operating as Delta Connections* **(USDC SD of TX 4:25-cv-01145)**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TOMAS EUGENIO SALVADOR STAMM** | ) ) ) | CIVIL ACTION NO.: |
| | ) | |
| Plaintiffs, | ) ) | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| vs. | ) ) | |
| **DELTA AIRLINES, INC.**, a Delaware Corporation; and **ENDEAVOR AIR**, a Wholly Owned Subsidiary of **DELTA AIRLINES**, operating as **DELTA CONNECTIONS**, a Georgia Corporation, | ) ) ) ) ) ) ) ) | |
| Defendants | ) ) | |

## COMPLAINT

COMES NOW TOMAS EUGENIO SALVADOR STAMM, (hereinafter "Plaintiff or Mr. SALVADOR"), and hereby alleges against Defendants, jointly and severally, as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this case pursuant to Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air Montreal, May 28, 1999 (hereafter the "Montreal Convention").

2. Specifically, under Article 33(1) and (2) of the Montreal Convention, Mr. SALVADOR purchased his ticket for the subject flight in this District and the principal and permanent residence of MR. SALVADOR is in the District.

3. As the Montreal Convention is a treaty of the United States, this Court has subject matter jurisdiction over this case under 28 U.S.C.A. § 1331.

4. Further, both Defendants have significant and continuous contacts with the

1

jurisdiction in that Defendant DELTA AIRLINES, INC., operates numerous flights daily from George Bush International Airport and Defendant ENDEAVOR AIR also operates daily flights in Texas. This Court therefore has general personal jurisdiction over both of these Defendants.

5.  MR. SALVADOR's claims against defendants also arise from his purchase of his ticket from Defendants in Texas. This Court therefore also has specific personal jurisdiction over both Defendants.

6.  At all material times, Defendants entered into the contract of carriage with MR. SALVADOR and were in control of, and responsible for, his safe transport from Houston, Texas to Minneapolis, Minnesota to Toronto, Canada and back to Houston, Texas. MR. SALVADOR's claims arise from his entry of a ticket contract with these Defendants in Texas and this Court therefore also has specific personal jurisdiction over these Defendants.

**VENUE**

7.  Venue is proper in this district under U.S.C. §1391 (b)

**PARTIES**

8.  Plaintiff restates and hereby incorporates by reference the allegations of each of the above paragraphs.

9.  Plaintiff MR. SALVADOR is a citizen of the United States of America and maintains his principal and permanent residence in this District.

10. Plaintiff MR. SALVADOR was a passenger on board Delta Airlines Flight No. 4819 bound for Toronto, Canada when it crashed on February 17, 2025, at Toronto Pearson International Airport. MR. SALVADOR suffered, and continues to suffer, from extreme bodily and mental injuries and economic losses as a direct result thereof.

11. Defendant DELTA AIRLINES, INC., (hereinafter referred to as "DELTA") is registered as a business entity duly incorporated in the State of Delaware with an active status. Its

2

principal place of business is 1030 Delta Blvd, Atlanta, GA 30354-1989. DELTA routinely engages in continuous and systematic business in this District, sufficient to subject it to the general personal jurisdiction of this Court.

12. Defendant ENDEAVOR AIR, (hereinafter referred to as "ENDEAVOR") is a wholly owned subsidiary of DELTA, is registered as a business entity duly incorporated in the State of Georgia with an active status. ENDEAVOR'S principal place of business is 7500 Airline Drive, Minneapolis, MN 55450. Therefore, ENDEAVOR does not have principal place of business in Texas, but is operating and conducting business in the State of Texas, sufficient to subject it to the general personal jurisdiction of the Court.

## GENERAL ALLEGATIONS

13. Plaintiff restates and hereby incorporates by reference the allegations of each of the above paragraphs.

14. On February 17, 2025, Delta Flight 4819 (hereafter "Flight 4819") departed Minneapolis-Saint Paul International Airport at 11:47 a.m. CST for a flight to Toronto Pearson International Airport (hereafter "YYZ"). The aircraft in use was a Bombardier CRJ 900 aircraft, Registration No. N932XJ (hereafter "Aircraft"), with a total of 80 souls on board.

15. MR. SALVADOR boarded the aircraft and sat in his rear window seat on the left side of the plane, seat 19A. MR. SALVADOR buckled in and prepared for the flight to Toronto.

16. Unfortunately, MR. SALVADOR and all the other passengers did not arrive safely to their destination as Flight 4819 journey's ended in disaster. At approximately 2:13 PM on February 17, 2025, as the aircraft fought to land at YYZ amidst snow drifts and cross winds of up to 38 miles per hour; the plane violently slammed onto the runway 23, breaking off the right wheel of the aircraft.

17. The force of the impact tore off the right wing and vertical stabilizer, violently

3

ripping them from the fuselage. The aircraft then careened upside down across the runway, skidding on the snow covered runway until finally coming to a stop near runway 13.

18. In the wake of the devastating crash, the rear of the aircraft erupted in flames causing the cabin to be engulfed in smoke.

19. As a result of the violent crash, MR. SALVADOR's head was slammed against the window causing him to lose consciousness. When MR. SALVADOR awoke, he was drenched in jet fuel, suspended upside down in a smoke filled cabin.

20. MR. SALVADOR then steadied himself, and slowly unbuckled his seat belt.

21. Since the plane was inverted, all of the illuminated floor flights were above MR. SALVADOR. This coupled with the fact that he was soaked in jet fuel in a smoke-filled cabin made it difficult for MR. SALVADOR to see.

22. MR. SALVADOR then crawled his way toward the front of the plane. Most of the other passengers had already exited the plane. Upon reaching the emergency exit, MR. SALVADOR was told to jump from the plane onto the runway.

23. Once MR. SALVADOR was on the snow covered runway, he was showered with fire suppression foam which was being sprayed onto the wreckage by the emergency crews.

24. MR. SALVADOR who at this time was soaked in jet fuel, and covered with fire suppression foam, was instructed to wait on the runway.

25. Consequently, MR. SALVADOR, along with the other passengers, was forced to stand outside with the temperature dipping below 18 degrees Fahrenheit and winds gusting to 38 miles per hour.

26. Eventually, MR. SALVADOR, and the other passengers, were transported to a facility at YYZ. Upon arriving, MR. SALVADOR was instructed to shower since he was soaked in jet fuel and fire suppression foam.

4

27. After he showered, MR. SALVADOR was handed blankets and paper towels to dry off, and provided with a disposal coverall to wear.

28. He was then checked by emergency medical personnel and the decision was made to transport him to Humber River Hospital due to the seriousness of his injuries.

29. As a result of the crash, MR. SALVADOR sustained serious, permanent, and debilitating physical and psychological injuries.

30. The crash occurred due to the negligence and recklessness of the DELTA and/or ENDEAVOR flight crew on Flight 4819, in violation of numerous international and United States airline industry standards and established flight rules. Specifically, the Flight 4819 flight crew failed to observe the most fundamental procedures for a landing approach into YYZ, failed to appropriately monitor flight conditions on approach, and failed to communicate and react in the cockpit to those flight conditions.

31. Moreover, the flight crew of Flight 4819 was inadequately hired, trained, managed and supervised by DELTA and/or ENDEAVOR and failed to comply with the most basic cockpit resource management protocols.

32. Defendants' failures constituted a gross, wanton, and willful disregard for the rights and safety of all passengers aboard Flight 4819 and needlessly caused injuries and damages to innocent passengers.

**FIRST CAUSE OF ACTION**
**(Montreal Convention Article 17)**

33. Plaintiff restates and hereby incorporates by reference the allegations of each of the above paragraphs. Pursuant to Article 17 of the Montreal Convention, Defendants DELTA and ENDEAVOR are absolutely liable for damages sustained by Plaintiff as a passenger on Flight 4819, as said injuries and damages occurred while he was on board the aircraft.

5

34. Defendants DELTA and ENDEAVOR were in exclusive control of Flight 4819 and owed non-delegable duties to all passengers for the safe operation at all modes of flight, including the landing approach into YYZ on February 17, 2025.

35. On February 17, 2025, Defendants DELTA operated and controlled DELTA flight 4819 from Minneapolis- St. Paul (MSP) to Toronto Pearson International (YYZ). Mr. SALVADOR purchased his ticket from DELTA, and his ticket was issued by DELTA.

36. Defendants were solely responsible for the training, management, supervision, maintenance, and control of the flight crew. Defendants breached those duties by failing to observe the most basic procedures for a landing approach into YYZ, failing to appropriately monitor flight conditions on approach, and failing to communicate and react in the cockpit to said flight conditions.

37. As a direct and proximate result of Defendants DELTA and ENDEAVOR's acts and omissions that caused the DELTA crash, MR. SALVADOR was seriously, permanently, and debilitatingly injured and damaged as alleged herein and will continue to suffer from his physical and mental injuries for the foreseeable future.

## SECOND CAUSE OF ACTION
### (Montreal Convention Article 21)

Plaintiff restates and hereby incorporates by reference the allegations of each of the above paragraphs.

38. Pursuant to Article 21 of the Montreal Convention, Defendant DELTA cannot meet its burden of proving that its negligence or other wrongful act did not cause or contribute to the crash and MR. SALVADORS's resulting injuries and damages.

39. Defendant DELTA cannot meet its burden of proving that MR. SALVADOR's injuries were solely due to the negligence or other wrongful act or omission of a third party.

40. The responsibility of this crash rests squarely on the shoulders of the DELTA and its wholly owned subsidiary ENDEAVOR.

41. The crash occurred due to the negligence and recklessness of the DELTA and/or ENDEAVOR flight crew on Flight 4819 and the inadequate training and supervision provided to said crew by DELTA and ENDEAVOR as hereinabove alleged.

42. As a direct and proximate result of Defendants' acts and omissions that caused the crash, MR. SALVADOR was seriously, permanently, and debilitatingly injured and damaged as alleged herein and will continue to suffer from his physical and mental injuries for the foreseeable future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

A. Damages to be awarded in an amount to be determined at trial, including general, special and compensatory damages;

B. Prejudgment interest;

C. Costs incurred in bringing this suit; and

D. For such other and further relief as this Honorable Court may deem proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, MR. SALVADOR hereby demands a trial by jury of all issues herein triable of right by a jury.

Dated: March 11, 2025,

Respectfully submitted,

**HUSAIN LAW + ASSOCIATES, P.C.**

By: */s/ Nomaan K. Husain*
**NOMAAN K. HUSAIN**
State Bar No. 24000743
Federal Bar No. 23229
5916 Winsome Lane, Suite 400
Houston, TX  77057
Telephone: (713) 800-1200
Facsimile:  (713) 800-0786
E-Service: eserve@hlalawfirm.com

**COUNSEL FOR PLAINTIFF**

Query　　Reports　　Utilities　　Help　　Log Out

RWB

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:25-cv-01145

| | |
|---|---|
| Salvador Stamm v. Delta Airlines, Inc. et al | Date Filed: 03/11/2025 |
| Assigned to: Judge George C Hanks, Jr | Jury Demand: Plaintiff |
| Cause: 28:1331 Fed. Question: Airline Crash | Nature of Suit: 310 Airplane |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Tomas Eugenio Salvador Stamm**　　　represented by　　**Nomaan K Husain**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Husain Law Associates, PC
　　　　　　　　　　　　　　　　　　　　　　　　　　　　5858 Westheimer, Suite 400
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Houston, TX 77057
　　　　　　　　　　　　　　　　　　　　　　　　　　　　713-800-1200
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 713-800-0786
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: nhusain@hlalawfirm.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Delta Airlines, Inc.**

**Defendant**

**Endeavor Air**
*Operating as Delta Connections*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/11/2025 | 6 | WAIVER OF SERVICE Returned Executed as to All Defendants, filed. (Attachments: # 1 Supplement Request to Waive Service of Summons) (Husain, Nomaan) (Entered: 04/11/2025) |
| 03/26/2025 | 5 | CERTIFICATE OF INTERESTED PARTIES by Tomas Eugenio Salvador Stamm, filed. (Husain, Nomaan) (Entered: 03/26/2025) |
| 03/13/2025 | | Summons Not Issued as to All Defendants due to these deficiencies: Name/Address of Plaintiff Attorney or Plaintff not present; name of court (Southern District of Texas) not listed. Attorney or Plaintiff notified of deficiencies by NEF, filed. (rlm4) (Entered: 03/13/2025) |
| 03/12/2025 | 4 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 6/27/2025 at 10:15 AM by video before Magistrate Judge Richard W Bennett. (Signed by Magistrate Judge Richard W Bennett) Parties notified. (gc4) (Entered: 03/12/2025) |

| | | |
|---|---|---|
| 03/12/2025 | [3](#) | CLERKS NOTICE Regarding Consent to Jurisdiction of Magistrate Judge. Parties notified, filed. (gc4) (Entered: 03/12/2025) |
| 03/12/2025 | | Referral Judge Selected: Magistrate Judge Richard W. Bennett randomly selected to receive referrals. The selected Magistrate Judge is not assigned to this case until a District Judge refers the case or a motion or the parties consent to jurisdiction of the Magistrate Judge. Once a referral has been made, the name of the referral judge will appear at the top of the docket sheet. (gc4) (Entered: 03/12/2025) |
| 03/11/2025 | [2](#) | Request for Issuance of Summons as to All Defendants, filed. (Attachments: # [1](#) Summons Request) (Husain, Nomaan) (Entered: 03/11/2025) |
| 03/11/2025 | [1](#) | COMPLAINT against All Defendants (Filing fee $ 405 receipt number ATXSDC-33056796) filed by TOMAS EUGENIO SALVADOR STAMM. (Attachments: # [1](#) Civil Cover Sheet Civil Cover Sheet) (Husain, Nomaan) (Entered: 03/11/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/09/2025 15:14:22 | | | |
| **PACER Login:** | hinshaw0185 | **Client Code:** | 1083665 |
| **Description:** | Docket Report | **Search Criteria:** | 4:25-cv-01145 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |